# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DARNELL CHARLES PORTER                                                                    PLAINTIFF
ADC #116186

v.                                              2:17-cv-00166-KGB-JJV

TEVIN SMITH; *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  INTRODUCTION**

Darnell Charles Porter ("Plaintiff") is a prisoner in the Tucker Unit of the Arkansas Department of Correction ("ADC").  He has filed this action, pursuant to 42 U.S.C. § 1983, alleging Defendants Correctional Officers Tevin Smith, Yolanda Daniel, and Anita Washington violated his Eighth Amendment rights by failing to protect him from being attacked by another prisoner on July 16, 2017.[1]  (Doc. No. 2.)   Plaintiff seeks monetary damages, injunctive relief, and a declaratory judgment against Defendants, who have been sued in both their official and individual capacities. (*Id.*)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to judgment as a matter of law.  (Doc. Nos. 57-60.)  Plaintiff has responded, and this matter is now ripe for decision.[2]  (Doc. No. 67.)  After careful review and for the following reasons, I find the Motion for Summary Judgment should be GRANTED, and I recommend Plaintiff's failure to

---

[1] On July 5, 2018, the Court dismissed without prejudice Plaintiff's claims against all other Defendants due to a lack of exhaustion.  (Doc. No. 54.)

[2] Plaintiff was proceeding *pro se* when he filed his Complaint, but he is currently represented by retained counsel.  (Doc. Nos. 2, 50.)

protect claim against Defendants Smith, Daniel, and Washington be DISMISSED with prejudice.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   FACTS

The relevant facts are undisputed.[3]  (Doc. Nos. 2, 57-1, 59, 60, 67.)   On July 16, 2017, Plaintiff was a prisoner in general population at the East Arkansas Regional Unit where he worked as a barber providing haircuts and shaves to inmates throughout the unit.  (*Id*.)   That morning, Plaintiff was ordered to provide barber services to inmates in insolation.  (*Id*.)  Inmate Antonio Smith ("Inmate Smith") was Plaintiff's first client for the day.  (*Id*.)  The two inmates had not previously met and there was no indication that Inmate Smith intended to harm Plaintiff.  (*Id*.) Officer Smith ("Officer Smith") and Officer Daniel removed Inmate Smith from his isolation cell, handcuffed him behind his back, sat him in a chair, and covered him with a barber cape.  (*Id*.) According to Plaintiff, Officers Daniel and Smith did not strip search Inmate Smith before removing him from his cell, put him in leg shackles, or attach a tether from the handcuffs to the leg shackles as required by ADC policy.  (*Id*.)

Towards the end of the haircut, Inmate Smith suddenly and without warning escaped the handcuffs behind his back and jumped up holding a seven-and-a-half-inch shank made from plexiglass.  (Doc. Nos. 57-1, 57-2, 57-3, 60.)   Officer Daniel, who "was seated in the chair right beside Inmate Smith," and Officer Smith, who "was standing right in front of Inmate Smith," were "directly in harm's way" and did not have any weapons.  (Doc. Nos. 59 at 3 and 67 at 3.)  Officers Smith and Daniel ran into the nearby bull pen[4] where Officer Washington was working and closed the barred gate. (Doc. Nos. 57-1, 59, 67.)   Plaintiff hit Inmate Smith with the clippers and ran up the stairs to the second tier where he attempted to escape into the adjacent barrack.  (*Id*.)  Inmate Smith, who was still brandishing the shank, gave chase.  (*Id*.)  Because the door to the adjacent

---

[3] Plaintiff claims there is a "portion of a video showing the actions of the Arkansas Department of Correction Defendants" but neither side has provided it to the Court. (Doc. No. 67 at 7.)

[4] The bull pen is a "small, locked area at the front of the barracks." (Doc.  No. 60.)

barrack did not close, Plaintiff ran down the stairs towards the bull pen where Defendants Smith, Daniel, Washington, and their supervisors, Major Knott and Lieutenant Granger, were standing behind a barred gate. (*Id.*) Plaintiff yelled to the occupants to open the gate, but they did not do so because Inmate Smith was close behind Plaintiff and could have escaped the barrack armed with a shank. (*Id.*) Lieutenant Granger and Major Knott gave Inmate Smith several orders to stop; sprayed him with chemical agents through the barred gate; continued to give him numerous orders (which he did not heed) to put down the weapon; and called for back-up assistance. (*Id.*) Meanwhile, Plaintiff ran up the stairs, slipped, and fell. (*Id.*) As Plaintiff was returning to a standing position, Inmate Smith "hit" Plaintiff with the shank, causing an "abrasion" or "superficial scratch" on his back. (Doc. Nos. 57-1 at 23-24.) Plaintiff continued up the stairs to the third tier and escaped into the adjacent barrack, while Inmate Smith surrendered to correctional officials. (Doc. Nos. 57-1, 59, 67.) Later that day, Plaintiff went to the infirmary where his scratch, which did not require any stitches, was covered with a bandage. (*Id.*)

### IV. ANALYSIS

#### A. Official Capacity Claims for Monetary Damages

Defendants argue they are entitled to sovereign immunity from the failure to protect claim raised against them in their official capacities. The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, prevents a plaintiff from recovering monetary damages from state officials sued in their official capacities, unless the state has waived its immunity. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005). The State of Arkansas has not waived its immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991).

Plaintiff argues Defendants are not entitled to sovereign immunity because Ark. Code.

Ann. § 21-9-301 does not apply to intentional acts. (Doc. No. 67.) That argument mixes apples with oranges. Arkansas Code Annotated § 21-9-301 grants *tort* immunity to state officials in certain instances. However, Plaintiff did not raise an Arkansas tort claim in his Complaint. (Doc. No. 2.) Instead, his claims are based solely on the Eighth Amendment, as protected by 42 U.S.C. § 1983. (*Id.*) More importantly, Defendants seek sovereign immunity based on the Eleventh Amendment, and not under the Arkansas statute. Thus, I conclude Defendants are entitled to sovereign immunity and Plaintiff's request for monetary damages against them in their official capacities should be dismissed with prejudice.

### B. Personal Capacity Claims for Monetary Damages

Defendants also argue they are entitled to qualified immunity on the failure to protect claim raised against them in their personal capacities. Qualified immunity protects government officials who act in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office,* 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (clarifying the privilege is "an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial"). Defendants are entitled to qualified immunity if: (1) the facts, construed in the light most favorable to the plaintiff, do not establish a violation of a constitutional right; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful. *See Cullor v.*

*Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (explaining courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

Although prison officials have an Eighth Amendment obligation to "take reasonable measures to guarantee inmate safety," they are not liable "every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). Prison officials violate the Eighth Amendment "only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson,* 902 F.3d at 851; *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Thus, to defeat qualified immunity, Plaintiff must have evidence that: (1) objectively, there was a substantial risk that he would be seriously harmed by Inmate Smith; and (2) subjectively, Defendants knew of and disregarded that substantial risk of serious harm. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young*, 508 F.3d at 872.

The parties agree the July 16, 2017, attack was a surprise to Plaintiff and the Defendants. *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047-48 (8th Cir. 2010) (finding qualified immunity appropriate where a failure-to-protect claim arises from a "surprise attack" by another inmate). *Tucker,* 276 F.3d at 1001-02 (same). Plaintiff alleges Defendants Smith and Daniel acted negligently and violated ADC policy when they failed to strip search Inmate Smith and put him in leg shackles with a tether to his handcuffs. A response to one of Plaintiff's grievances about the attack suggests that corrective action may have been taken against both officers for failing to do so. (Doc. No. 2 at 14.) However, such negligent and possibly grossly negligent conduct is insufficient to sustain a constitutional violation. *Tucker,* 276 F.3d at 1002; *see also Holden,* 663 F.3d at 341 (explaining, in a failure to protect case, that "deliberate indifference includes

7

something more than negligence . . . it requires proof of a reckless disregard of the known risk"). Similarly, Defendants' alleged failure to comply with ADC policy is not a basis for imposing § 1983 liability. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Plaintiff believes Defendants violated his constitutional rights by failing to end the surprise attack before he was injured. However, it has long been the law in the Eighth Circuit that "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." *McCrary v. Baldwin*, No. 12-2079, 2013 WL 1197060 (8th Cir. Mar. 25, 2013) (unpublished opinion); *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995). Here, the parties *agree* Officers Smith and Daniel were unarmed and were "directly in harm's way" when Inmate Smith surprisingly brandished the knife. (Doc. Nos. 59 at 3, 67 at 3.) The parties also *agree* all three Defendants attempted to end the fight by giving numerous direct orders to Inmate Smith, deploying chemical agents, and calling for back-up assistance. (Doc. No. 59 at 67.) There is no evidence Defendants acted with deliberate indifference.

For these reasons, I conclude the evidence viewed in the light most favorable to Plaintiff does not establish a violation of his constitutional rights. Thus, Defendants are entitled to qualified immunity and Plaintiff's request for monetary damages against them in their personal capacities should be dismissed with prejudice.

    **C.**    **Claims for Injunctive and Declaratory Relief**

Sovereign and qualified immunity do not apply to Plaintiff's request for injunctive and declaratory relief. *See Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1994). However, because Plaintiff has failed to produce evidence demonstrating Defendants violated his constitutional

rights, his claims for injunctive and declaratory relief should also be dismissed with prejudice.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 57) be GRANTED, and Plaintiff's failure to protect claim against Defendants Smith, Daniel, and Washington be DISMISSED with prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE